IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CAROLE HOOD, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>POWERPAY, LLC, a Wyoming limited liability company; LIFELINE SMART HOME, LLC, dba HOMEPAY INC., a Delaware corporation, dba SAFE HOME CONTROL, INC., a Delaware corporation; and JOHN DOES I-X,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 1:22-cv-00018-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Plaintiff Carole Hood's Motion for Attorneys' Fees under 28 U.S.C. § 1447(c).[1] For the reasons set forth below, the Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2022, Hood filed her Amended Complaint in Utah State Court, alleging violations of state and federal consumer protection statutes by Defendant PowerPay, LLC.[2] Hood also asserted state law claims against Defendants Lifeline Smart Home, LLC, Safe Home Control, Inc., and Homepay Inc. (collectively, the Non-Removing Defendants).[3] On February 7, 2022, PowerPay timely removed this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, stating "[r]emoval of this action . . . is proper under 28 U.S.C. § 1331 because a majority of

---

[1] Dkt. 21, *[Corrected] Motion for 28 U.S.C. § 1447(c) Attorney Fees Incurred as a Result of Removal*.

[2] Dkt. 2, *Notice of Removal* at 18–23, 27–28 (Exhibit A: Amended Complaint).

[3] *Id.* at 23–27, 28 (Exhibit A: Amended Complaint).

Plaintiff's claims against PowerPay arise under the laws of the United States."[4]  Hood countered with a Motion to Remand on March 7, 2022, arguing, among other things, that PowerPay's removal was "fatally defective . . . [because] the defendants did not unanimously agree to removal," as required by the federal removal statute, 28 U.S.C. § 1446.[5]  After some discussions between the parties,[6] Hood and PowerPay filed a Stipulation to Remand on March 28, 2022,[7] which was granted by this court.[8]

On April 14, 2022, Hood filed the instant Motion for Attorneys' Fees (the Motion), seeking $23,700 in attorneys' fees incurred as a result of PowerPay's allegedly improper removal.[9]  Hood accuses PowerPay of two procedural defects: (1) failing to attach returns of service to the removal notice, as required by 28 U.S.C. § 1441(a); and (2) failing to meet the unanimity requirement of § 1446(b)(2)(A).[10]  PowerPay responds that § 1447(c) attorneys' fees are unwarranted because it did not lack "an objectively reasonable basis for removal," as required by Supreme Court precedent.[11]  It concedes the removal notice did not have the consent of the co-defendants, but nevertheless argues these co-defendants are "nominal parties" excepted

---

[4] *Id.* ¶ 1–3.

[5] Dkt. 9 at 4.

[6] *See* Dkt. 21 at 3 ("After obtaining an extension to respond to the remand motion, on March 24, 2022, defense counsel . . . telephoned Ms. Hood's counsel . . . to say PowerPay[] wished to stipulate to remand."); Dkt. 30, *PowerPay's Opposition to Plaintiff's Motion for Attorneys' Fees* at 1 ("PowerPay decided, after conferring with Plaintiff's counsel, to stipulate to remand").

[7] Dkt. 17.

[8] Dkt. 18, *Order Granting Motion to Remand*.

[9] Dkt. 21 at 10.  Pursuant to the Supplemental Declaration of Joann Shields, Dkt. 40, Hood now seeks an additional $3,800 expended replying to PowerPay's Opposition to the Motion, Dkt. 30, for a total of $27,500.

[10] *Id.* at 1–2.

[11] Dkt. 30 at 4 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).

from the unanimity requirement.[12] In the alternative, PowerPay urges that "any . . . award should be minimal," pointing to a recent decision of this court reducing a fee award where the "[d]efendant's error was based on inadvertence and lacking in any evidence of an improper motive."[13] The court first discusses the legal standards governing the parties' dispute before turning to the merits of their arguments.

## LEGAL STANDARDS

Under the "bedrock principle known as the 'American Rule,'" "[e]ach litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides otherwise."[14] The federal statute governing post-removal procedures, 28 U.S.C. § 1447, provides one such source of discretionary fee-shifting. In relevant part, § 1447(c) permits a district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[15] "Any award of fees under § 1447(c) is discretionary and based on the reasonableness of removal."[16] In deciding when fees should be awarded, however, the Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

---

[12] *Id.* at 4–5 ("PowerPay did not obtain the consent of the Non-Appearing Defendants because they are nominal and 'nominal, unknown, unserved, or fraudulently joined defendants need not consent to removal.'") (quoting *Black Iron, LLC v. Helm-Pac.*, 2:16-cv-00873-JNP-DBP, 2017 WL 2623846, at *3 n.3 (D. Utah June 16, 2017)).

[13] *Id.* at 9 (quoting *Lechtenberger v. Red Leaf Res.*, No. 2:21-cv-00001, 2021 WL 2929947, at *1 (D. Utah Mar. 1, 2021)) (internal quotation marks omitted).

[14] *Kornfeld v. Kornfeld*, 393 F. App'x 575, 578 (10th Cir. 2010) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010)).

[15] 28 U.S.C. § 1447(c).

[16] *Lechtenberger*, 2021 WL 2929947, at *1 (citing *Scott v. Pena*, No. 2:15-cv-00774-RJS, 2016 U.S. Dist. LEXIS 14454, at *5 (D. Utah Jan. 15, 2016)).

removal."[17]  The Tenth Circuit further advises that the test for fees under § 1447(c) does not require a showing of bad faith by the removing party.[18]  "What *is* required to award fees, however, is a showing that the removal was improper *ab initio*."[19]  Accordingly, the court must first consider the propriety of PowerPay's removal before evaluating Hood's request for attorneys' fees.

## ANALYSIS

### A. PowerPay's Removal Was Procedurally Defective

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and Statute."[20]  The party removing the case to federal court bears the burden of establishing jurisdiction by a preponderance of the evidence.[21]  It also has the burden to show compliance with the requirements for removal.[22]  In its Notice of Removal, PowerPay cites 28 U.S.C. § 1331 as the basis for federal jurisdiction.[23]  Section 1331 vests federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The removal statute further provides that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[17] *Martin*, 546 U.S. at 136.

[18] *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

[19] *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997); *see also Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) ("The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c).").

[20] *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (internal quotation marks and citations omitted).

[21] *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[22] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) ("The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." (internal citation and quotation marks omitted)).

[23] Dkt. 18 at 1.

defendant or the defendants."[24] PowerPay thus contends removal was proper because "a majority of Plaintiff's claims against PowerPay arise under the laws of the United States," including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Truth in Lending Act, 15 U.S.C. § 1601, et seq.[25] As these federal claims appear "on the face of the complaint" filed by Hood, the court agrees that PowerPay could properly seek removal based on federal question jurisdiction.[26]

However, Hood does not challenge PowerPay's substantive grounds for seeking removal.[27] Instead, she argues PowerPay's removal was "fatally defective" for failing to meet certain procedural requirements of 28 U.S.C. §§ 1441 and 1446—most notably, the requirement that the removing party obtain the consent of all co-defendants as part of the removal process.[28] "[B]ecause removal jurisdiction is statutory in nature, it is strictly construed."[29] The removing party's failure to comply with the "express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."[30] Moreover, the Tenth Circuit has specifically recognized "noncompliance with the unanimity requirements in § 1446(b)(2)(A)" as

---

[24] 28 U.S.C. § 1441.

[25] Dkt. 18 at 2.

[26] *See Medesimo Tempo, LLC v. Skull Valley Health Care, LLC*, No. 2:21-cv-00715-DBB, 2022 WL 901590, at *2 (D. Utah Mar. 28, 2022) ("Generally, for a court to have federal-question jurisdiction under § 1331, the well-pleaded complaint rule requires that 'the federal question giving rise to jurisdiction must appear on the face of the complaint.'" (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006))).

[27] *See* Dkt. 21.

[28] *Id.* at 2.

[29] *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. App'x 752, 756 (10th Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

[30] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (internal quotation marks and citation omitted).

among the procedural defects requiring remand.[31]  Therefore, the court will focus its analysis on PowerPay's purported breach of the § 1446(b)(2)(A) unanimity requirement rather than the alleged failure to attach returns of service to the removal notice.

In a case removed based on federal question jurisdiction, the "unanimity rule" requires "all defendants who have been properly joined and served . . . [to] join in or consent to the removal of the action."[32]  To satisfy the unanimity rule, this court has found that each consenting defendant must state its consent for the record, thereby removing "any doubt for the court . . . of the clear intent of each party defendant."[33]  However, PowerPay's Notice of Removal does not even mention the Non-Removing Defendants, let alone provide an unambiguous showing of unanimous consent to removal.[34]

In explaining the lack of consent from its co-defendants, PowerPay avers it "did not obtain the[ir] consent . . . because they are nominal parties and 'nominal, unknown, unserved, or fraudulently joined defendants need not consent to removal.'"[35]  In particular, PowerPay claims its "review of relevant filings and available information" revealed that the Non-Removing Defendants "are no longer actively engaged in business, and therefore, are nominal parties whose

---

[31] *See City of Albuquerque v. Soto Enters.*, 864 F.3d 1089, 1094–94 (10th Cir. 2017); *see also Harvey v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 797 F.3d 800, 805 (10th Cir. 2015) ("lack of unanimity is a procedural defect clearly established by statute as precluding removal").

[32] 28 U.S.C. § 1446(b)(2)(A).

[33] *Swanson v. United States Bank, N.A.*, No. 2:10-cv-01258-DS, 2011 WL 1585134, at *2 (D. Utah Apr. 26, 2011) ("Requiring that a consenting defendant unambiguously signal joinder in the removal by signing the notice of removal, by filing its own notice of removal, or with a brief written statement consenting to removal fulfills the procedural requirement of unanimity."); *see also Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995) ("[A]lthough all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed.").

[34] *See* Dkt. 2.

[35] Dkt. 30 at 4–5 (quoting *Black Iron*, 2017 WL 2623846, at *3 n.3).

consent was not required."[36] PowerPay further urges that "it is not necessary for the [c]ourt to agree with PowerPay's position to deny Plaintiff's fee request," given the lack of controlling Tenth Circuit case law.[37]

It is undisputed that PowerPay failed to raise the nominal party exception when removing the case.[38] Only after Hood demanded § 1447(c) attorneys' fees did PowerPay aver, for the first time on the record, that the Non-Removing Defendants are nominal parties excepted from the unanimity rule.[39] Importantly, sister courts have found that such a failure to affirmatively explain the absence of any co-defendants in the removal notice renders the notice defective and compels a remand.[40] Given the fundamental purpose of the unanimity rule,[41] the court concludes

---

[36] *Id.* at 5–6.

[37] Dkt. 30 at 6 ("[T]here is no controlling case law involving the procedural scenario presented. PowerPay's removal was therefore reasonable 'because there was no way to know whether [its] arguments would succeed.'") (quoting *Simpson Holdings, L.C. v. Buchanan*, No. 1:18-cv-00086 TS-PMW, 2018 WL 5924407, at *3 (D. Utah Nov. 13, 2018)).

[38] *See* Dkt. 2.

[39] *Compare* Dkt. 2, *Notice of Removal* at 1–3, *with* Dkt. 30, *PowerPay's Opposition to Plaintiff's Motion for Attorneys' Fees*.

[40] *See, e.g.*, *Am. Fam. Mut. Ins. Co., S.I. v. FOT LLC*, No. 22-cv-02128-PAB, 2022 WL 3655345, at *2 (D. Colo. Aug. 25, 2022) ("Courts understand § 1446 to mean that 'a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants.'" (quoting *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996))); *Flowers v. Wagoner Cnty. Bd. of Cnty. Commissioners*, No. 20-cv-236-JFH, 2020 WL 5513402, at *2 (E.D. Okla. Sept. 14, 2020) (remanding a case where co-defendants did not consent to removal and "[n]o explanation [was] given . . . for [the] failure to obtain consent"); *Washington v. Harris*, No. 11–2188–JAR, 2011 WL 2174942, at *2 (D. Kan. June 3, 2011) ("When fewer than all of the defendants have joined in a removal action, the removing party has the burden . . . to explain affirmatively the absence of any co-defendants in the notice of removal." (internal citations omitted)); *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) ("The notice of removal in this case is silent as to whether [the co-defendant] consented to removal, nor does it give any explanation as to the absence and non-joinder of [the co-defendant]. The notice is therefore defective on its face, and the case must be remanded.").

[41] *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ("The rule of unanimity is consistent with our obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated.") (citation and internal quotation marks omitted); *see also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.").

PowerPay's late explanation for the absence of the Non-Removing Defendants does not save an otherwise defective petition. PowerPay neither obtained the Non-Removing Defendants' consent nor affirmatively explained their absence in the removal notice itself.[42] Thus, the removal was improper *ab initio*, compelling remand.

Having found the removal notice procedurally defective, the court will now discuss whether PowerPay's improper removal supports a discretionary award of attorneys' fees under § 1447(c).

**B.  PowerPay's Improper Removal Does Not Support an Award of Attorneys' Fees**

The court has broad discretion to award attorneys' fees under § 1447(c), provided "the removing party lacked an objectively reasonable basis for seeking removal."[43] "Conversely, when an objectively reasonable basis exists," the Supreme Court has held that "fees should be denied."[44] However, federal courts diverge on the circumstances that constitute an "objectively reasonable basis for seeking removal"—particularly with respect to failures to comply with the unanimity rule. While this court has previously declined to award § 1447(c) attorneys' fees based solely on violations of the unanimity rule,[45] other courts have been more willing to award

---

[42] *See* Dkt. 2 at 1–3.

[43] *Martin*, 546 U.S. at 136.

[44] *Id.*

[45] *See, e.g.*, *Snap Ct., L.L.C. v. Indus. Env't Mgmt., LLC*, No. 2:12–CV–908 TS, 2013 WL 1367046, at *4 (D. Utah Apr. 4, 2013) (finding that removing defendant had an erroneous, yet objectively reasonable basis for removal where it alleged, among other things, fraudulent joinder of co-defendants); *Swanson*, 2011 WL 1585134, at *2 (declining to award § 1447(c) fees where the removal notice stated that a co-defendant consented to removal, but did not otherwise meet the Tenth Circuit's requirements for complying with the unanimity rule).

attorneys' fees for such procedural defects.[46] For instance, courts in the Second Circuit have repeatedly found that a failure to comply with the rule of unanimity is "objectively unreasonable" and "merits the imposition of costs and attorneys' fees."[47] By contrast, other courts have refused to grant attorneys' fees where the principal defect was the failure to comply with the unanimity rule, and the removing defendant otherwise had an "objectively reasonable basis for seeking removal," such as federal question jurisdiction.[48] Several decisions by sister

---

[46] *See, e.g.*, *Raizada v. Auto Gallery Motorcars - Beverly Hills, LLC*, No. 12-2546-KHV, 2013 WL 615349, at *5 (D. Kan. Feb. 19, 2013) (awarding attorneys' fees where removing defendant lacked the consent of a co-defendant and "forced plaintiff to incur unnecessary litigation expenses and attorney fees to contest a clearly defective removal").

[47] *See, e.g.*, *Oriska Corp. v. Highgate LTC Mgmt., LLC*, 1:21-cv-104 (MAD/DJS), 2021 U.S. Dist. LEXIS 213267, at *5-6 (N.D.N.Y. Nov. 4, 2021) ("[F]ailure to obtain the consent of the [co-]Defendants to remove this action — one of the statutory requirements for any notice of removal — was objectively unreasonable." (internal citations omitted)); *Percy v. Oriska Gen. Contracting*, 20-cv-6131 (NGG), 2021 WL 2184895, at *9 (E.D.N.Y. May 27, 2021) ("The [defendants'] failure to comply with the rule of unanimity is evidence that their removal attempts . . . were objectively unreasonable." (internal citation omitted)); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp 2d 320, 331 (S.D.N.Y. 2007) (holding that it was objectively unreasonable for the removing defendant to knowingly disregard the rule of unanimity).

[48] *See, e.g.*, *Swanson*, 2011 WL 1585134, at *2; *Schoonmaker v. Holland*, No. 13-683 (ES) (SCM), 2013 WL 5300592, at *4 (D.N.J. Sept. 17, 2013) ("Here, the removing Defendants did not comply with the procedural requirements of § 1446(b). However, the removing defendants' putative removal was reasonable based on the federal claims that would have been properly removed if it were not for the procedural defect. Thus, it would be inappropriate to award fees and costs to Plaintiff."); *Brooks v. Foglio*, No. 13-2504 (JEI/JS), 2013 WL 3354430, at *6 (D.N.J. July 2, 2013) ("The . . . Defendants' arguments for removal under § 1331 may have had merit if not for a procedural defect in the removal process which required this Court to remand the case. Therefore, it cannot be said that the . . . Defendants lacked an objectively reasonable basis for seeking removal. Therefore, attorneys' fees and costs will not be awarded." (internal citations and quotation marks omitted)); *Leaming v. Liberty Univ., Inc.*, 07-0225-WS-C, 2007 WL 1589542, at *4 (S.D. Ala. June 1, 2007) (declining to award fees for violation of the unanimity rule where, "[f]rom a jurisdictional standpoint, [the removing defendant] had at least a plausible argument that the requirements of 28 U.S.C. § 1332 for diversity of citizenship were satisfied").

courts in this Circuit favor the latter approach, denying requests for § 1447(c) attorneys' fees where the removal defects were largely procedural, rather than substantive.[49]

In opposing Hood's request for attorneys' fees, PowerPay first argues it had an "objectively reasonable basis for seeking removal" given the federal questions presented by the Complaint.[50] Second, PowerPay contends the nominal party exception to the unanimity rule gave them a further plausible reason to believe that removal was proper.[51] "Importantly," PowerPay argues, "it is not necessary for the [c]ourt to agree with PowerPay's position to deny the Plaintiff's fee request."[52] Given the purported lack of controlling case law, PowerPay avers that "removal was . . . reasonable 'because there was no way to know whether its arguments would succeed.'"[53] While this court has previously given considerable latitude to removing defendants' "unpersuasive" or "questionable" grounds for seeking removal,[54] the case law weighs decidedly against PowerPay's reliance on the nominal party exception.

---

[49] *See, e.g.*, *Khan v. United Supermarkets, LLC*, No. CIV 1:20-cv-1307 RB/JHR, 2021 WL 2550254, at *3 (D.N.M. June 22, 2021) ("Here, the Court does not find that [the removing defendant] lacked an objectively reasonable basis for seeking removal. [The plaintiff] never challenged . . . removal of this case under 28 U.S.C. § 1441 or 28 U.S.C. § 1332, but only attacked the procedural defects of [the] filing. Accordingly, this Court will deny the request for fees." (internal citations omitted)); *Maddox v. Delta Airlines, Inc.*, No. 10-CV-00456-CVE-PJC, 2010 WL 3909228, at *7 (N.D. Okla. Sept. 29, 2010) ("While ultimately unsuccessful, defendants had a reasonable basis to remove; they simply filed a deficient notice. Thus, the Court finds that an award of costs and fees in this case would not be appropriate."); *Brady*, 504 F. Supp. 2d at 1174 ("Here, the Court does not find that [the removing defendant] lacked an objectively reasonable basis for seeking removal. ERISA preemption of Plaintiff's claims created federal question jurisdiction, and, but for [the removing defendant's] failure to comply with a procedural requirement of 28 U.S.C. § 1446, removal would have been proper. Accordingly, this Court must deny Plaintiff's request.").

[50] Dkt. 30 at 4.

[51] *Id.* at 4–6.

[52] *Id.* at 6.

[53] *Id.*

[54] *See, e.g.*, *Swanson*, 2011 WL 1585134, at *2; *Epilepsy Ass'n of Utah v. Herbert*, No. 2:19-cv-360-DBP, 2019 WL 5535385, at *2 (D. Utah Oct. 25, 2019).

First, as discussed, PowerPay did not affirmatively explain the absence of the Non-Removing Defendants in its Notice of Removal.[55] Its attempt to belatedly raise the nominal party exception cannot cure a fatal procedural defect that existed from the moment PowerPay filed the removal notice.[56] Nor can PowerPay's untimely argument provide an objectively reasonable basis for seeking removal weeks after the opportunity to raise it have passed. It is well-established in the Tenth Circuit that "a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."[57] Despite PowerPay's contention that "there is no controlling case law involving the procedural scenario presented,"[58] the court finds the case law fairly settled on this matter. A removing defendant must either obtain the consent of all co-defendants on the record or affirmatively explain their absence.[59] Because PowerPay failed to satisfy either of these requirements, its reliance on the nominal party exception is unavailing.

Yet even if PowerPay had raised the nominal party exception in its Notice of Removal, the court would be hard-pressed to consider it an objectively reasonable basis for seeking removal. PowerPay appears to have consulted the entity search features on the Secretary of State websites for Utah and Delaware,[60] finding, among other things, that at least some of the Non-Removing Defendants are delinquent on annual reports, owe back taxes, or have expired state

---

[55] *See* Dkt. 2 at 1–3.

[56] *See Am. Fam. Mut. Ins. Co.*, 2022 WL 3655345, at *2 (citing *Scheall*, 930 F. Supp. at 1449).

[57] *Id.*; *see also Flowers*, 2020 WL 5513402, at *2; *Washington*, 2011 WL 2174942, at *2; *Brady*, 504 F. Supp. 2d at 1173.

[58] Dkt. 30 at 6.

[59] *See, e.g.*, *Am. Fam. Mut. Ins. Co.*, 2022 WL 3655345, at *2 (citing *Scheall*, 930 F. Supp. at 1449).

[60] Dkt. 30-3, *Exhibit 3 to PowerPay's Opposition to Plaintiff's Motion for Attorneys' Fees*.

registrations.[61]  Additionally, PowerPay quotes from Hood's Complaint that "[t]he telephone number PowerPay provided for HomePay is disconnected."[62]  However, even as PowerPay argues that "it is unclear if any of the Non-[Removing] Defendants are live entities actively engaged in business,"[63] it does not dispute Hood's assertion that they have been properly served.[64]  Of course, PowerPay's allegations have raised some questions about the solvency and good standing of the Non-Removing Defendants, but they do not rise to the level of showing they are nominal parties excepted from a fundamental requirement of the removal process.[65]

While the Tenth Circuit does not appear to have defined what constitutes a nominal party for the purpose of removal,[66] the predominant approach among federal courts ultimately turns on the party's "interest in the litigation" rather than its current business status or activity, as PowerPay suggests.[67]  In evaluating the various definitions of a nominal party, the Fourth Circuit concluded "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal."[68]  Relatedly, the Seventh Circuit recognizes a defendant as nominal "if there is no reasonable basis for predicting that it will be

---

[61] Dkt. 30 at 2–3.

[62] Dkt. 44, *PowerPay's Sur-Reply in Opposition to Plaintiff's Motion for Attorneys' Fees* at 3 n.1 (quoting Dkt. 2 at 17 (Exhibit A: Amended Complaint)).

[63] Dkt. 30 at 2.

[64] *Id.* ("Plaintiff filed proofs of service related to the Non-Appearing Defendants on January 8, 2022, suggesting all three had been served via their putative registered agent.").

[65] As discussed, the removing party has the burden of showing that it has complied with the requirements for removal.  *See Salzer*, 762 F.3d at 1134.

[66] *See Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-EFM, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009).

[67] *Hartford*, 736 F.3d at 260 (summarizing cases).

[68] *Id.* ("In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.").

held liable,"[69] whereas the Eighth Circuit has understood nominal parties as those "against whom no real relief is sought."[70] Still other circuits have recognized another test based on principles of fairness and equity: "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the [c]ourt can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'"[71] Despite the diverse array of tests for the nominal party exception, the court has not found any support for the test proposed by PowerPay: in essence, because some of the Non-Removing Defendants appear to be delinquent on annual reports, owe back taxes, and may have disconnected phone lines, they "are nominal parties whose consent to removal was not required."[72]

To be clear, courts have repeatedly held that dissolved or defunct entities can constitute nominal parties,[73] but the court has not found any decision finding that a non-removing defendant is a nominal party based on the meager allegations presented by PowerPay. In one case cited by PowerPay, *Maryland v. Exxon Mobil Corp.*, the court determined that a fully dissolved corporation whose registration had been revoked for several years was a nominal

---

[69] *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 631 (7th Cir. 2013) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)).

[70] *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981).

[71] *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)); *see also Beasley v. Wells Fargo Bank, N.A.*, 744 Fed. App'x 906, 915 (6th Cir. 2018); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (applying the *Tri-Cities* test to determine whether a defendant is nominal).

[72] Dkt. 30 at 5–6.

[73] *See, e.g., Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

party.[74]  There, the court found the former corporation was therefore "no longer a legal entity" capable of granting consent to removal.[75]  In another case, *Gentry v. Sikorsky Aircraft Corp.*, the court concluded that the following entities were nominal parties for removal purposes: (1) an extinct, post-merger corporation whose "debts, liabilities and duties . . . [were] with the surviving entity";[76] (2) a defunct, post-merger corporation that continued only as a "fictitious name" for the post-merger entity;[77] and (3) a "fictitious name entity" registered by a distinct legal entity.[78]  None of the cases cited by PowerPay, nor any case found by the court, support PowerPay's attempted expansion of the nominal party exception to cover the Non-Removing Defendants.

On the contrary, the Non-Removing Defendants are central to the consumer protection claims set out by Hood's Complaint and have a clear "interest in the litigation" that was erroneously removed without their consent.  In her Prayer for Relief, Hood seeks recission, compensatory damages, and punitive damages against the Non-Removing Defendants.[79]  Absent some showing that these are actually dissolved or defunct entities, rather than merely delinquent or out-of-date registrants, the court cannot conclude that they qualify as nominal parties.  For these reasons, the court finds that PowerPay's untimely argument regarding the nominal party exception fails to provide an objectively reasonable basis for seeking removal.

---

[74] 352 F. Supp. 3d 435, 470 (D. Md. 2018) ("The facts in this case justify a finding that [the non-removing defendant] is a nominal party.  [Its] registration in Maryland has been revoked since 2012 because of its failure to pay taxes. Because its registration has been revoked, it is no longer a legal entity in the State.").

[75] *Id.*

[76] 383 F. Supp. 3d 442, 451–52 (E.D. Pa. 2019).

[77] *Id.* at 452–53.

[78] *Id.* at 453.

[79] Dkt. 2 at 28–29 (Exhibit A: Amended Complaint).

Nevertheless, the court declines Hood's request for attorneys' fees under § 1447(c). Admittedly, Hood presents a close case. PowerPay violated a fundamental and longstanding requirement of the removal process by failing to obtain the consent of the Non-Removing Defendants or affirmatively explain their absence in its Notice of Removal. However, the court finds that PowerPay had an objectively reasonable basis for removal given the federal claims presented by the Complaint,[80] consistent with sister court decisions finding objectively reasonable bases for removal despite breaches of the unanimity rule.[81] Moreover, the record supports PowerPay's contention that it "had no ill intent" and "was not trying to prolong the litigation or improperly increase costs" by filing the removal notice.[82]

And though not determinative of whether fees might be warranted in the first instance, the court notes that the fees requested here are remarkable. Hood's counsel, an experienced litigator "well aware of the unanimity requirement,"[83] simultaneously claims that PowerPay's removal was so erroneous as to support a fee award,[84] yet she was required to expend 30.5 hours,

---

[80] *See* Dkt. 2 at 18–23, 27–28 (Exhibit A: Amended Complaint).

[81] *See, e.g.*, *Khan*, 2021 WL 2550254, at *3 (finding that defendant had an objectively reasonable basis for removal even though the notice was "defective on its face" for failing to comply with the unanimity rule); *Maddox*, 2010 WL 3909228, at *7; *Brady*, 504 F. Supp. 2d at 1174; *see also Snap*, 2013 WL 1367046, at *4; *Swanson*, 2011 WL 1585134, at *2.

[82] *See* Dkt. 30 at 7.

[83] *Id.* at 4.

[84] *Id.* at 5–8; *see also* Dkt. 39 at 2 (stating, in relevant part, that PowerPay "did not and could not defend" its improper removal, and that its arguments purporting to show that removal was objectively reasonable were "laughable").

15

or $12,200 in attorneys' fees,[85] preparing the Motion to Remand.[86] In the court's view, the removal was clearly defective and could have been challenged with minimal time and effort by Hood's counsel—even a simple phone call with opposing counsel might have averted what has become a costly and unnecessary dispute. Indeed, shortly after Hood filed her Motion to Remand,[87] PowerPay stipulated to remand the case rather than exert the time and expense necessary to fully litigate the removal.[88] PowerPay cannot be faulted for subsequently refusing Hood's demand for an undisclosed amount of attorneys' fees or vigorously opposing the instant Motion.[89] Without condoning PowerPay's neglect of the statutory requirements for removal, the court cannot conclude that the procedural deficiency was sufficiently egregious to warrant an award of attorneys' fees.

---

[85] Dkt. 21-1, *Exhibit 1 to Hood's Motion for Attorneys' Fees*, at 4–5 (aggregating the time spent from February 8, 2022, when the Notice of Removal was filed, to the filing of the Motion to Remand on March 7, 2022). The court understands that Hood's counsel claims nearly 40 additional hours expended on the Stipulation to Remand and the present dispute over attorneys' fees, for a total of 68.75 hours, or $27,500 in attorneys' fees.

[86] Dkt. 9.

[87] *Id.*

[88] *Compare id.* at 1 ("PowerPay decided, after conferring with Plaintiff's counsel, to stipulate to remand to avoid the time and expense necessary to fully litigate the complicated removal issues present in this case"), *with Raizada*, 2013 WL 615349, at *5 (awarding attorneys' fees where removing defendant "forced plaintiff to incur unnecessary litigation expenses and attorney fees to contest a clearly defective removal"), *and* Deluca v. Ocwen Loan Servicing, LLC, No. 5:10-cv-00421, 2011 WL 805862, at *7 (S.D.W. Va. Mar. 2, 2011) (awarding attorneys' fees for a violation of the unanimity rule where removing "Defendants intentionally chose the litigation strategy of living or dying by the defective removal . . ., which served to delay resolution of the case, imposed additional costs on Plaintiffs, and wasted judicial resources" (internal citation and quotation marks omitted)).

[89] *See* Dkt. 30 at 3; Dkt. 30-4, *Exhibit 4 to PowerPay's Opposition to Plaintiff's Motion for Attorneys' Fees*.

## CONCLUSION

For the foregoing reasons, Hood's Motion for Attorneys' Fees is DENIED.

SO ORDERED this 13th day of January, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge
